# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RAS LAZARUS AZAREL NAZARI )
FOREIGN SOVEREIGN-FREEMAN, )
PUBLIC MINISTER ALSO KNOWN AS )
PUBLIC MINISTER BRUCE )
BERNARD TOWNSEND, )
  )
    Plaintiff, )
  )
v. )   Case No. CV409-015
  )
UNITED STATES FEDERAL )
PROBATION/USPO, )
  )
    Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff "Ras Lazarus Azarel Nazari Foreign Sovereign-freeman," a/k/a "Public Minister Bruce Bernard Townsend," a/k/a Bruce Bernard Townsend, filed a nonsensical complaint (he is his probation officer's "slave,"[1] etc.) obviously aimed at harassing his federal probation officers. Doc. 1. Despite a Clerk's written "fee deficiency memo" directing him to pay the filing fee required to activate this complaint, *see* doc. 2 (warning), plaintiff has failed to comply. Nor has he moved the Court for leave to file

---

[1] The Court's Probation Office confirms that he is on probation in this district.

*in forma pauperis* (IFP).

Townsend thus does not want to pay to play, which means he has abandoned his case. Courts have the power to prune such "deadwood" from their dockets. Pursuant to that inherent power, Townsend's complaint should be **DISMISSED** without prejudice for his failure to prosecute this action. Fed. R. Civ. P. 41(b); Local Rule. 41(b); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1462-63 (11th Cir. 1983); *Casmere v. Edwards*, 2008 WL 4298453 at * 1 (S.D.Ga. Sep. 16, 2008) (unpublished).

However, the Court should do more than that. "Minister Townsend," who is at liberty (though on probation), has in the past filed a series of cases classifiable as "strikes" within the meaning of the three-strikes civil litigation statute, 28 U.S.C. § 1915(g).[2] *See Townsend v. Bureau of Prisons*,

---

[2] As to § 1915(g)'s operation, the Eleventh Circuit has explained that

> [a]fter the third meritless suit [hence, three strikes] . . . a prisoner [litigant] must pay the full filing fee at the time he initiates suit [and thus may not proceed IFP]. The purpose of the [Prison Litigation Reform Act (PLRA)] is to curtail abusive prisoner litigation. The only exception to section 1915(g) is if the frequent filer prisoner is under imminent danger of serious physical injury.

2

No. CV203-006, docs. 45, 49, 50 (S.D.Ga. 2004) (inmate complaint alleging impinged "Rastafarian chanting" religious rights; dismissed on administrative non-exhaustion grounds); *Townsend v. McFadden*, No. CV204-045, docs. 64, 65 (S.D. Ga. 2004) (ceremonial drums, "marijuana-sacrament," etc., religious-practices complaint denied on the same grounds); *id.*, doc. 74 (appeal dismissed as frivolous).³

In *Howard v. Smith*, 2008 WL 816684 (S.D.Ga. Mar. 26, 2008) (unpublished), this Court recounted the measures that it had been undertaking to thwart serial filers who figured out that by remaining destitute, they could abuse the federal court system despite § 1915(g)'s three-strikes bar. *Id.* at * 5. The Court had engrafted onto § 1915(g) a "plus" remedy, in effect stepping up sanctions to match each new layer of abusive litigational conduct undeterred by § 1915(g).⁴ Under the "§

---

*Skillern v. Paul*, 2006 WL 2826609 at * 1 (11th Cir. Oct. 4, 2006) (unpublished) (quotes and cite omitted).

³ An appeal counts as a § 1915(g) strike. Under *Rivera v. Allin*, "federal courts in this circuit may properly count as strikes lawsuits *or* appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted prior to April 26, 1996." 144 F.3d 719, 732 (11th Cir. 1998) (emphasis added); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) ("the filing of a complaint and the pursuit of an appeal count as separate 'strikes'" under § 1915(g)").

⁴ This Court's 1915(g)-plus remedy, for example, barred even "imminent danger" filings (ordinarily an exception to the § 1915(g) bar) until the inmate has paid his

3

1915(g)-plus" sanction, the inmate could not file any more cases until he first paid off accrued filing fee debt. *Id.* In *Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2008), however, the Eleventh Circuit concluded that such restrictions constituted an abuse of discretion because

> the court could not close off the litigation avenues that Congress specifically left open under § 1915(g).... [The *Miller* court pointed out, however, that] the district court still has discretion to fashion its own method for identifying and screening out frivolous filings, but must do so in a manner that takes into consideration our guidance from *Miller*.

*Heard v. Donald*, 2009 WL 282052 at * 1 (11th Cir. Feb. 6, 2009) (unpublished).

Imposing a blanket injunction against a serial filer unless he pays accrued filing fee debt is thus no longer an available remedy in this circuit. *Id.* For that matter, plaintiff here is no longer an inmate, so the PLRA, and thus § 1915(g), cannot be applied to him. *See Cofield v. Bowser*, 247 F. App'x 413, 414 (4th Cir. 2007) ("A former inmate who has been released is no longer 'incarcerated or detained' for the purposes of § [42 U.S.C]

---

accrued filing fee debt. That remedy was upheld in *Mathis v. Smith*, 181 F. App'x 808 (11th Cir. 2006). Additional, "plus-plus" and "plus-plus-plus" remedies were applied in *Barber v. U.S. Attorney General*, 458 F. Supp. 2d 1378, 1379 n.2 (S.D. Ga.2006) and *In re Skillern*, 2007 WL 1521588 at * 1 (S.D. Ga. May 23, 2007) (unpublished).

4

§1997e(h) and therefore does not qualify as a "prisoner" subject to the PLRA"). Doc. 1. But

> [t]here should be little doubt that[, as to any case, including non-inmate cases,] the district court has the jurisdiction to protect itself against the abuses that litigants like [Townsend] visit upon it. Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.

*Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). *Procup* furnished a list of remedies tried by other courts but not expressly approved. *Miller*, however, cited those *Procup* remedies[5] as "acceptable

---

[5] For serial filers, noted *Procup*, courts have

[1] enjoined prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances;

[2] required litigants to accompany all future pleadings with affidavits certifying that the claims being raised are [new], subject to contempt for false swearing;

[3] directed the litigant to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district;

[4] directed the litigant to seek leave of court before filing pleadings in any new or pending lawsuit;

[5] permitted abusive prisoner litigants to file [IFP] only claims alleging actual or threatened physical harm; and requiring payment of a filing fee to bring other claims;

examples" of what district courts may invoke to protect their dockets from abusive filers. *Miller*, 541 F.3d at 1097; *see also id.* (citing, as another acceptable example, the pre-filing, lawsuit-screening sanction applied in *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 514 (11th Cir. 1991)).

As a sanction against Townsend for filing what otherwise would constitute his fourth strike, the Court should implement the "*Procup-Miller*" measures 1-4 set forth in note 5 *supra*, so that Townsend:

> 1. is now enjoined from relitigating specific claims or claims arising from the same set of factual circumstances (hence, no more "enslavement" lawsuits);
>
> 2. must accompany all future pleadings with affidavits certifying that the claims being raised are new (rather than a re-hash of his former claims), thus subjecting him to contempt for false swearing;
>
> 3. must attach to all future complaints a list of all cases previously filed involving *all* cases that he has filed in *all* federal and state courts, and send an extra copy of each pleading filed to the Chief Judge of this district (and if he cannot locate the case-filing names/numbers, then he must furnish what information he can reasonably recall); and

---

[6] limited the number of filings by a particular inmate; and

[7] entered injunctions prohibiting the abusive prisoner from acting as a writ writer or jailhouse lawyer for other inmates.

*Procup*, 792 F.2d at 1073-74 (numbers added).

4. must seek leave of court from the Chief Judge before filing pleadings in any new lawsuit in this district.

**SO ORDERED** this 23rd day of February, 2009.

/s/␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**